1    -

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   BIOTECHNOLOGY VALUE FUND, L.P.,
     BIOTECHNOLOGY VALUE FUND II,
11   L.P., INVESTMENT 10, L.L.C., BVF          No. C 13-03248 WHA
     INVESTMENTS, L.L.C.; BVF INC., and
12   BVF X, LLC,

13          Plaintiffs,

14      v.                                     **ORDER GRANTING IN PART
                                               AND DENYING IN PART
15   CELERA CORPORATION, QUEST                 PLAINTIFFS' MOTION FOR
     DIAGNOSTICS INCORPORATED,                 LEAVE TO FILE SURREPLY**
16   CREDIT SUISSE SECURITIES (USA)
     LLC, KATHY ORDOÑEZ, RICHARD H.
17   AYERS, JEAN-LUC BELINGARD,
     WILLIAM G. GREEN, PETER BARTON
18   HUTT, GAIL M. NAUGHTON, WAYNE
     I.. ROE, and BENNETT M. SHAPIRO,
19
            Defendants.
20   _____/

21

22        Plaintiffs have submitted a motion seeking leave to file a surreply, in response to the

23   replies in support of defendants' two motions to dismiss (Dkt. No. 82). Attached to that motion

24   is a proposed surreply. According to plaintiffs, defendants did not consent to the filing of a

25   surreply (*ibid.* at 10).

26        Nonetheless, plaintiffs argue that a surreply is warranted to address two issues from

27   defendants' replies: (1) defendants' reported mischaracterization of the argument that plaintiffs

28   were legally precluded from asserting Section 14(e) claims; and (2) defendant's suggestion that

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  plaintiffs had access to the discovery record from the Delaware proceedings when drafting the

2  amended complaint.

3        To the extent stated, plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

4  With respect to the second issue from above, plaintiffs declare that they did not have access to

5  confidential discovery materials from the Delaware proceedings until November 10, when

6  defense counsel authorized plaintiffs' access to such documents (Miarmi Decl. ¶¶ 13, 14).

7  Plaintiffs then assert that defendants submitted confidential portions of documents — including

8  two e-mails from defendant Kathy Ordoñez — in support of the replies filed on November 18,

9  after such portions had been unavailable to plaintiffs when they drafted the amended complaint

10 and the oppositions to defendants' motions to dismiss.  Accordingly, as to the proposed

11 surreply's discussion of these e-mails or plaintiffs' access to confidential discovery materials

12 from the Delaware proceedings, plaintiffs' motion is **GRANTED** and the surreply is deemed filed.

13       Plaintiffs, however, may not submit a surreply as to the first issue from above,

14 concerning their argument that they were legally precluded from asserting Section 14(e) claims.

15 This is because as to this issue, plaintiffs' proposed surreply focuses on a new argument —

16 equitable tolling of the statute of limitations — that was not in defendants' replies.  It is true that

17 in its motion to dismiss, defendant Credit Suisse Securities (USA) addresses equitable tolling,

18 but neither plaintiffs' opposition to that motion nor defendants' subsequent replies discuss that

19 issue.  At best, plaintiffs' argument that they were legally precluded from bringing Section 14(e)

20 claims took place within a discussion of tolling under *American Pipe & Construction Co. v.*

21 *Utah*, 414 U.S. 538 (1974), and not in the context of equitable tolling (Opp. 22).  Plaintiffs'

22 motion is therefore **DENIED** as to the proposed surreply's discussion of equitable estoppel and

23 the argument that plaintiffs were legally precluded from asserting Section 14(e) claims.

24

25       **IT IS SO ORDERED.**

26

27 Dated:  December 6, 2013.

28                                   WILLIAM ALSUP
                                  UNITED STATES DISTRICT JUDGE