**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BIOTECHNOLOGY VALUE FUND, L.P.,
BIOTECHNOLOGY VALUE FUND II,
L.P., INVESTMENT 10, L.L.C., BVF
INVESTMENTS, L.L.C.; BVF INC., and
BVF X, LLC,

    Plaintiffs,

    v.

CELERA CORPORATION, CREDIT
SUISSE SECURITIES (USA) LLC, KATHY
ORDOÑEZ, RICHARD H. AYERS,
WILLIAM G. GREEN, PETER BARTON
HUTT, GAIL M. NAUGHTON, WAYNE I.
ROE, and BENNETT M. SHAPIRO,

    Defendants.
                            /

No. C 13-03248 WHA

**ORDER DENYING
MOTION TO SEAL**

On January 21, plaintiffs filed a corrected motion to seal portions of (1) their proposed second amended complaint; and (2) their motion for leave to file that proposed complaint. According to plaintiffs, these portions "refer to documents or information that [d]efendants have designated 'CONFIDENTIAL' in the Delaware Class Proceedings" (Dkt. No. 104).

Defendants have since filed declarations pursuant to Civil Local Rule 79-5(e), withdrawing their designations of confidentiality from all but two of the documents that are at issue in plaintiffs' motion to seal. Accordingly, as to these documents for which the designation of confidentiality has been withdrawn, the motion to seal is **DENIED AS MOOT**.

With respect to the two remaining documents — designated as (1) CSCRA00015288 to CSCRA00015230, and (2) Quest_00000001 to Quest_00000025 — the first document appears to contain a typo in its numerical designation, and in any event, there is no declaration to establish this document's material as sealable. *See* Civ. L. R. 79-5(e).

As to the second document, non-party Quest Diagnostics Incorporated declares that this document is a draft presentation containing "confidential, proprietary information, including Quest's strategy with respect to Celera Corporation's business and calculations of projected revenue" (Dkt. No. 108). In Quest's view, public disclosure of this document "would provide Quest's competitors with insight into the business strategies it has implemented and its planned allocation of resources and would harm future business transactions and negotiations." This, however, is not a "particularized showing" of good cause to warrant sealing, as required by our court of appeals. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Nor has Quest demonstrated that this document is "sealable" or can be narrowly tailored for sealing under Civil Local Rule 79-5. The motion to seal the two remaining documents is therefore **DENIED**.

Plaintiffs will file their proposed second amended complaint and their motion for leave to file that proposed complaint in accordance with this order and Civil Local Rule 79-5(f).

**IT IS SO ORDERED.**

Dated: January 28, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE