IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOTECHNOLOGY VALUE FUND, L.P., BIOTECHNOLOGY VALUE FUND II, L.P., INVESTMENT 10, L.L.C., BVF INVESTMENTS, L.L.C.; BVF INC., and BVF X, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CELERA CORPORATION, CREDIT SUISSE SECURITIES (USA) LLC, KATHY ORDOÑEZ, RICHARD H. AYERS, WILLIAM G. GREEN, PETER BARTON HUTT, GAIL M. NAUGHTON, WAYNE I. ROE, and BENNETT M. SHAPIRO,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 13-03248 WHA<br><br>**FURTHER REQUEST FOR BRIEFING** |

**BY TWO P.M. TODAY**, each side shall please answer the following in five pages or less (no attachments, please).

　　(1) *Mills* seems to hold that materiality is alone enough to prove causation in a Section 14(a) case. 396 U.S. at 385. Has the United States Supreme Court ever limited or overturned this holding in a Section 14(a) or 14(e) decision? Has our court of appeals? (Be clear on whether any such action expressly modified *Mills*).

　　(2) *Plaine* quotes the "materiality equals causation" passage from *Mills* (797 F.2d at 721), evidently with approval, and extends *Mills* to a Section 14(e) case. Has any decision by our court of appeals ever expressly modified this equation in a Section 14(a) or 14(e) case?

(3) *Mills* also holds that "retrospective relief" is available but via a court "of equity," meaning presumably that damages should be determined by the judge under Section 14(a) (and presumably Section 14(e)). Is this correct? If not, cite binding authority on point.

(4) Each side may respond to the other side's submission filed earlier today (but still within the overall five-page limit).

Dated: January 13, 2015.



WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE